**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **DAVID REBISCHKE** )<br>)<br>On Behalf of Himself And )<br>All Others Similarly Situated, )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>**THE TILE SHOP, LLC,** )<br>)<br>     Defendant. )<br>_____ | **CIVIL ACTION NO._____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – COLLECTIVE ACTION

Plaintiff David Rebischke, on behalf of himself and all others similarly situated, brings this action against The Tile Shop, LLC for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## PRELIMINARY STATEMENT

1. Defendant The Tile Shop, LLC ("The Tile Shop") is headquartered in Plymouth, Minnesota. "The Tile Shop is a leading specialty retailer of manufactured and natural stone tiles, setting and maintenance materials, and related accessories in the United States. The Tile Shop offers a wide selection of products, superior value, and enhanced customer service in a unique showroom setting. As of June 30, 2013, The Tile Shop operated 77 stores in 25 states, with an average footprint of 23,000 square feet." See The Tile Shop website at http://investors.tileshop.com/CorporateProfile.aspx?iid=4329552. The Tile Shop now has about 90 stores in 28 states. http://investors.tileshop.com/file.aspx?IID=4329552&FID=21781217&printable=1.

2. Plaintiff is a former Store Manager at The Tile Shop; Plaintiff held other positions there as well. He worked as a Store Manager for The Tile Shop at stores in Sterling, Virginia, Springfield, Virginia, Rockville, Maryland, and Columbia, Maryland. The Tile Shop never paid Plaintiff overtime premiums in his Store Manager positions despite the fact that he routinely worked overtime and worked more than 70 hours in some work weeks.

3. Plaintiff alleges on behalf of himself and all other similarly situated The Tile Shop employees who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), that they are (i) entitled to unpaid overtime premiums for all hours worked exceeding forty (40) in a workweek and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

**PARTIES**

4. Plaintiff David Rebischke currently resides in Frederick, Maryland. The Tile Shop employed him first as a Material Handler in Minnesota. The Tile Shop subsequently employed him as a Warehouse Manager and later a Sales Associate in Virginia Beach, Virginia. The Tile Shop then employed Plaintiff as a Store Manager in four different stores from approximately October 2008 through January 2013. Plaintiff ended his employment as an Assistant Store Manager in Columbia, Maryland in approximately January 2013. Plaintiff Rebischke's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

5. Defendant The Tile Shop is a Delaware limited liability company with its principal place of business located in Plymouth, Minnesota. The Tile Shop conducts business in this judicial district and in numerous other states throughout the United States. The Tile Shop

maintains a registered agent at c/o C T Corporation System Inc., 100 S. Fifth St., Suite 1075, Minneapolis, MN 55441.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction because The Tile Shop conducts business within this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as The Tile Shop has offices and is headquartered, conducts business, and can be found in this District, and a substantial part of the events giving rise to the claims occurred within this District.

9. This action is related to the pending action styled *Christopher Chin v. The Tile Shop, LLC,* 0:13-cv-02969-SRN-JSM, in that the two cases involve similar wage and hour violations, and overlapping putative class members such that the same District Judge and Magistrate Judge should hear both cases to prevent the substantial duplication of judicial resources.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings his FLSA claims as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of the following class:

> All Store Manager and individuals holding comparable positions with different titles (collectively as "Store Managers") The Tile Shop employed nationwide within the three years preceding this action ("Store Manager Collective Action Members").

11. Plaintiff, on behalf of himself and all others similarly situated, seeks relief on a collective basis challenging The Tile Shop's practice of failing to accurately pay their Store

3

Managers overtime premiums. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from The Tile Shop's records, and potential Store Manager Collective Action Members may easily and quickly be notified of the pendency of this action.

12. Plaintiff may amend this Original Complaint as other Store Manager Collective Action Members opt into this lawsuit.

## STATEMENT OF FACTS

13. The Tile Shop has about 90 retail locations in approximately 28 states and an on-line retail operation. The Tile Shop has distribution centers in at least three states.

14. The Tile Shop generally employs one Store Manager at each of its retail stores nationwide.

15. The Tile Shop pays its Store Managers a salary and bonus no matter how many hours such employees work during the week. Store Managers are also eligible to earn commissions by selling products.

16. Plaintiff and other Store Managers routinely worked more than 40 hours a work week. Plaintiff and other Store Managers worked more than 70 hours in some work weeks.

17. The Tile Shop pays its Store Managers pursuant to the same salary pay plan nationwide. Store Managers are also eligible for bonuses pursuant to the same bonus pay plan nationwide.

18. The Tile Shop must pay its Store Managers on "a salary basis" in order for them to qualify as exempt from the FLSA's overtime requirements in a bona fide executive, administrative, or professional employee capacity.

19. The Tile Shop does not pay its Store Managers on a salary basis under the FLSA because The Tile Shop illegally made deductions from the Store Managers' salaries and they were subject to an illegal policy and/or practice of being subject to deduction.

20. The Tile Shop disguises some of its salary deductions as negative "Bonus" payments on Store Managers' paychecks.  However, these deductions constitute deductions from Store Mangers' salaries.

21. As an example of The Tile Shop's illegal policy and/or practice of subjecting Store Managers to salary deduction, The Tile Shop upper level management employee, Dan Granados, sent an email on July 31, 2013 to Store Managers which reads in relevant part:

**If I believe you could have done more than what you finish with, I "WILL" hit you with everything . . . .**

**If that wipes out your bonus.. so be it…. if it takes from your salary.... So be it……………..**

(emphasis in original).

22. As a result of its failure to pay on a salary basis, The Tile Shop misclassified and/or otherwise unlawfully exempted Plaintiff and other Store Managers, and thus illegally failed to pay them overtime premiums.

23. All The Tile Shop Store Managers nationwide are similarly situated in that they share common job duties, job descriptions, and pay.

24. Plaintiff, and on information and belief, other Store Managers have complained to The Tile Shop about its deductions from their salaries and/or being subject to the same.

25. The Tile Shop's policy and/or practice of making improper deductions from Store Managers' salaries and them being subject to the same nationwide payment plan lacks good faith and willfully violates the FLSA.

## COUNT I – FLSA COLLECTIVE ACTION OVERTIME

26. Plaintiff, on behalf of himself and all Store Manager Collective Action Members, reasserts the allegations set forth in the above paragraphs.

27. Plaintiff brings Count I, his FLSA collective action overtime claim, as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of all others similarly situated.

28. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b) which is attached as Exhibit A.

29. Other former The Tile Shop Store Managers' consents in writing to opt into the case are attached as Exhibit B.

30. The FLSA regulates the payment of overtime by employers, such as The Tile Shop, whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

31. At all relevant times, The Tile Shop has been, and continues to be an FLSA "employer" pursuant to 29 U.S.C. § 203(d) and subject to the FLSA overtime provisions.

32. At all relevant times, Plaintiff and all Store Manager Collective Action Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

33. At all relevant times, Plaintiff and all Store Manager Collective Action Members were employees of The Tile Shop under 29 U.S.C. § 203(e).

34. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  Neither Plaintiff nor any Store Manager

Collective Action Member was paid in a manner that exempts them from overtime compensation as required by the FLSA.

35. The Tile Shop lacks any other valid legal reason or authority for failing to pay Plaintiff and all Store Manager Collective Action Members federally mandated overtime premiums.

36. The FLSA requires that employers, such as The Tile Shop, compensate all nonexempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

37. The Tile Shop failed to compensate Plaintiff and all Store Manager Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek and, therefore, The Tile Shop is in violation of the FLSA, 29 U.S.C. § 207(a)(1).

38. The Tile Shop acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

39. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, The Tile Shop unlawfully withheld overtime compensation from Plaintiff and Store Manager Collective Action Members.  Accordingly, The Tile Shop is liable pursuant to 29 U.S.C. § 216(b) for overtime compensation, together with an additional amount as liquidated damages, the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of this action.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all Store Manager Collective Action Members, prays for relief as follows for Count I of this Complaint:

a. Designation of this action as a collective action on behalf of the proposed FLSA Store Manager Collective Action Members, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Store Manager Collective Action Members, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to U.S.C. §216(b);

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

c. An award of damages in the amount of Plaintiff's and Sales Store Manager Collective Action Members' unpaid overtime wages, and an additional amount as liquidated damages;

d. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all Collective Action Members have a right to jury trial.

Dated:  March 7, 2014

Respectfully submitted,

 s/ Michele R. Fisher
Michele R. Fisher, MN # 303069
NICHOLS KASTER
80 South 8th Street, Suite 4600
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 215-6870
Email: fisher@nka.com

Rowdy B. Meeks*
ROWDY MEEKS LEGAL GROUP LLC
10601 Mission Rd., Suite 100
Leawood, Kansas 66206
Tel:  (913) 766-5587
Fax:  (816) 875-5069
Email: Rowdy.Meeks@rmlegalgroup.com

J. Derek Braziel*
LEE & BRAZIEL, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010
Email: jdbraziel@l-b-law.com

*(pro hac vice application forthcoming)

ATTORNEYS FOR PLAINTIFFS