UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Rebischke, individually
and on behalf of all other similarly
situated individuals,

        Plaintiff,        **MEMORANDUM OF LAW & ORDER**
v.        Civil No. 14-624 (MJD/SER)

The Tile Shop, LLC,

        Defendant.
_____

    Rowdy B. Meeks, Rowdy Meeks Legal Group LLC, J. Derek Braziel, Lee & Braziel, LLP and Michele R. Fisher and Paul J. Lukas, Nichols Kaster, Counsel for Plaintiffs.

    Joseph M. Sokolowski, Lindsay Sokolowski and Krista A.P. Hatcher, Fredrikson & Byron, P.A., Counsel for Defendant.
_____

**I.**    **Introduction**

    This matter is before the Court upon Plaintiff's Motion for Conditional Class Certification pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff seeks to represent a class of Store Managers employed by Defendant The Tile Shop, LLC, that were not paid overtime premiums pursuant to FLSA.

1

Defendant operates approximately 80-90 stores nationwide which sell tile and related materials and accessories. (Doc. No. 1 (Complaint ¶ 1).) Its headquarters are located in Plymouth, Minnesota. (Doc. No. 16 (Answer at ¶ 1).)

Plaintiff was hired as a Material Handler, Warehouse Manager, and Sales Associate. From October 2003 through January 2013, he was a Store Manager in four different stores. (Comp. ¶ 4.) Plaintiff and five other Store Managers have opted into this case. (Plaintiff Ex. C (Declarations of Opt-In Store Managers.) These Stores Managers, between them, worked in 15 different stores in at least five different states. (Id.) Plaintiff asserts the declarations from the opt-in Store Managers provide a colorable basis in support of his claim that Defendant's pay plan and salary deduction policy are implemented nationwide and that all Store Managers are similarly situated.

Plaintiff asserts that Defendant generally employs one Store Manager per store. (Answer ¶ 14.) The Store Manager's primary duty is to manage their assigned store. Each Store Manager is paid a salary, bonus and commissions on sales. (Answer ¶ 15; Plaintiff Ex. C ¶ 6; Plaintiff Ex. D (Store Manager Salary Plan Example).) As Store Managers frequently talked with each other, they were aware that Defendant paid them in the same manner. (See Plaintiff Ex. C ¶¶ 4-6.)

Plaintiff asserts that Store Managers routinely work over 40 hours per week; frequently they work 50 hours per week and on occasion, work 70 hours per week, yet they receive no overtime pay. (Comp. ¶ 16; See Plaintiff Ex. C ¶ 7.)

Defendant must pay its Store Managers on a salary basis in order for them to be exempt from FLSA's overtime requirements. See Berscheid v. Northwest Respiratory Serv., No. 09-3392, 2011 WL 1084749 (D. Minn. Mar. 21, 2011); 29 CFR § 541.602(a). Plaintiff asserts that the Store Managers are not paid on a salary basis as evidenced by the fact that Defendant told its Store Managers that their pay would be reduced based upon their performance and the performance of their store. (See Plaintiff Ex. C ¶¶ 8-10).) This policy is evidenced in a writing. (Plaintiff Ex. E (Tile Shop Senior Mgmt. Email at 2 "If I believe you could have done more than what you finish with, I "WILL" hit you with everything . . . If that wipes out your bonus, so be it . . . if it takes form your salary . . . so be it").)

Plaintiff further asserts that Defendant did make deductions pursuant to this policy. (See Plaintiff Ex. C ¶ 9.) Defendant also made deductions that it placed on the "Bonus" line, but which were actually salary deductions as the Store Manager had not been paid a bonus during such pay period. (Id. ¶ 10.) Plaintiff argues that Defendant loses any exemption from overtime payments for

Store Managers because Defendant actually made improper deductions from Store Manager compensation pursuant to its own articulated policy. See 29 CFR § 541.603(a).

Defendant asserts that its Store Managers are paid between $70,000 and $250,000 per year. (Behrman Aff. ¶ 4.) Their compensation has three components: 1) base salary; 2) commissions and spiffs; and 3) bonuses. (Id.) Because of commissions and bonuses, a Store Manager's paycheck will vary. (Id.) Bonuses are paid based on various factors, including a negative store performance. (Id. ¶ 5.) A negative bonus amount may be offset against other compensation a Store Manager earns, such as commissions and spiffs. (Id.) A negative bonus is never offset against a fixed salary. (Id.)

Defendant's Human Resources ("HR") personnel accumulates all components of a Store Manager's salary, imports it into the payroll system and reviews it for accuracy and compliance with the FLSA. (Id. ¶ 6.) Defendant asserts that although Regional Sales Managers are responsible for calculating their Store Managers' bonuses, and submitting that information to HR, HR, not the Regional Sales Managers, determines the amount of each Store Manager's compensation every pay period. (Id.) HR is responsible for auditing the

compensation of Store Managers to ensure that no deductions from salary occur. (Id.)

Defendant asserts that Regional Sales Managers have no control of, or review the Defendant's payroll process and do not establish guidelines or policies for payroll administration. (Id. ¶ 7.) If an improper salary deduction is made, Defendant immediately corrects the deduction.

In April 2014, an audit was conducted of all Store Managers' payroll over the previous three years. (Id. ¶ 11.) It was determined from this audit that deductions had inadvertently been made from the salaries of 14 Store Managers. (Id.) The improper deductions totaled less than $5,000. (Id.) Defendant immediately reimbursed the affected Store Managers for all salary amounts that had been improperly deducted. (Id.)

## II.  Standard for Conditional Class Certification

Plaintiff seeks conditional class certification and Court-facilitated notice pursuant to the FLSA, which provides:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become

such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The Court performs a two-step process to determine whether a case should be certified under the FLSA:

> First, the court determines whether the class should be conditionally certified for notification and discovery purposes. At this stage, the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan. In the second stage, which occurs after discovery is completed, the court conducts an inquiry into several factors, including the extent and consequences of disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and other fairness and procedural considerations.

Dege v. Hutchinson Tech., Inc., Civil No. 06-3754 (DWF/RLE), 2007 WL 586787, at *1 (D. Minn. Feb. 22, 2007) (unpublished) (citations omitted).

In the first step,

> the Court only must determine whether Plaintiffs have come forward with evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan. The court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage.

Id. at *2 (citations omitted). "A colorable basis means that plaintiff[s] must come

forward with something more than the mere averments in [their] complaint in support of [their] claim." Lyons et al. v. Ameriprise Fin., Inc., Civ. No. 10-503, 2010 WL 3733565, at *3 (D. Minn. Sept. 20, 2010)(J. Kyle) (internal citation omitted) (finding that plaintiff had established a colorable basis for their claims through declarations, deposition excerpts and interrogatory responses).

### III. Analysis

#### A. Whether the Putative Class Members Are Similarly Situated

Plaintiff seeks to conditionally certify a class consisting of all former and current Store Managers for the previous three years from the mailing date of the notice at its stores throughout the nation.

Plaintiff argues that conditional certification is appropriate in this case because Plaintiff has established a colorable basis that the class members are similarly situated through the declarations of six opt-in plaintiffs. This Court has previously found that the standard for certification is low at this initial stage. Burch v. Qwest Communications Intern., Inc., 500 F. Supp.2d 1181, 1190 (D. Minn. 2007); see also Chin v. The Tile Shop, LLC, No. 13-2969 (SRN/JSM), __ F. Supp.2d __, 2014 WL 5461891 (D. Minn. Oct. 27, 2014).

Defendant asserts that Plaintiff has not established that he and other Store Managers are similarly situated because they were harmed by the same nationwide policy. Instead, Plaintiff relies on an email from one Regional Sales Manager, and such evidence is insufficient to demonstrate that Defendant had a nationwide policy. Defendant has put forth evidence that its policy is that only a Store Manager's non-salary compensation - bonuses, spiffs and commissions - are subject to a negative bonus offset. (Behrman Aff ¶ 5.)

Defendant further argues the declarations of the Store Managers do not establish with specificity that their salaries were offset by the negative bonus, versus a bonus or commission payment. This is an important distinction as the FLSA does not prohibit offsetting negative bonus amounts against non-salary compensation. 29 CFR § 541.602; see also Coppage v. Bradshaw, 665 F. Supp.2d 1361, 1366 (N.D. Ga. 2009).

### B.   Defenses

Plaintiff asserts that at this stage of the proceedings, the Court must not address arguments that go to the merits of the claims. See Edwards v. Multibrand Corp., No. 10-2826 (MJD/JJK), 2011 WL 117232 (D. Minn. Jan. 13, 2011). As such, any arguments as to any supposed exemption or individual defense should not

be addressed at this time.

Moreover, where the evidence shows that a defendant had an express policy to improperly deduct from Store Manager salaries and did deduct sums in violation of the FLSA, the defendant cannot escape liability by claiming that such improper deductions were infrequent. See Casellino v. M.I. Friday, Inc., No. 11-261, 2012 WL 2513500 *9 (W.D. Pa. June 29, 2012). Plaintiff further asserts that Defendant cannot utilize the "window of correction" under 29 CFR § 541.603(c) because Defendant intentionally enacted a policy of improper deductions which resulted in actual improper deductions.

In response, Defendant argues that collective actions impose a significant burden on a defendant employer. As such, courts require plaintiffs to present actual evidence in support of their allegations in order to obtain certification of a collective action. Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn. 1991); Jones v. Casey's Gen. Stores, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa).

Besides the July 2013 email, Plaintiff offers evidence in the form of nearly identical declarations from himself and five other former Store Managers. The assertions in these boilerplate declarations are even more generalized and conclusory than the averments in Plaintiff's Complaint, alleging they were

9

threatened with salary deductions from "TTS Management," that they experienced salary deductions and hearsay that "other Store Managers" also experienced salary deductions. Plaintiff provides no details about "who" made the alleged deductions, "when" they were made, the amount or frequency of such deductions and what was said by whom in management or why the deductions were made. Defendant argues the lack of evidence compels the conclusion that the Store Managers throughout the country are not similarly situated.

In addition, the declarations do not support the theory of an illegal company-wide policy. In most large companies, "mistakes will occasionally be made, and employees will occasionally not receive compensation to which they are entitled under the FLSA." Thompson, 2008 U.S. Dist. LEXIS 115050 at *3. While those employees may sue to recover wages they claim they are owed, "to go further and receive conditional certification of a large, nationwide class, those employees must come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of single decision, policy, or plan." Id.

The Court has reviewed the submissions of the parties and finds that Plaintiff has set forth a colorable basis that the putative class members are the victims of a single decision, policy, or plan by Defendant to illegally withhold overtime pay. At this initial stage, the Court finds that conditional certification is appropriate.

### C.  Judicial Notice

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." Id. at 171. "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." Id. at 172. "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff

11

dates to expedite disposition of the action." Id.

Plaintiff has submitted a proposed notice. (Plaintiff Ex F.) Plaintiff has based the notice and consent form on those approved by the district court in Chin v. Tile Shop, 2014 WL 5461891 (involving a collective action of sales associates and assistance store managers claiming unpaid minimum wage and overtime). Defendant has not commented on or otherwise objected to the form of notice or the consent form submitted by Plaintiff.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for FLSA Conditional Certification and Judicial Notice (Doc. No. 21) is **GRANTED** and this matter is conditionally certified as a collective action.

2. Plaintiff's proposed Notice form (Doc. No. 24, Exhibit F) is hereby **APPROVED.** The Court authorizes Plaintiffs' counsel to mail such Notice to the putative class members identified in the list provided by the Defendant. The Notice shall provide for a 90 day opt-in period.

3. The Defendant is ordered to post the Notice in all break and lunch rooms at nationwide locations where the Defendant employs putative class members.

4. The Court authorizes Plaintiff's counsel to re-mail the Notice one time during the 90 day opt-in period to those putative class members who have not yet opted in as of the date of the re-mailing.

5. The Court orders the Defendant to provide Plaintiff's counsel with a list of all Store Managers employed nationwide for the three year period preceding the date of this Order. This list shall include the last known address, telephone number, dates of employment, location of employment, last four digits of their social security number, and date of birth, and shall be in electronic and importable format. Defendant is ordered to produce this list within ten days of this Order.

Date: January 26, 2015

                                         s/ Michael J. Davis
                                         MICHAEL J. DAVIS
                                         CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT